**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | NO. 2:10-CV-247-J |
| | § | |
| $99,980 IN U.S. CURRENCY, | § | |
| | § | |
| *Defendant*. | § | |

## FIRST AMENDED ANSWER

**To the Honorable United States District Judge:**

Claimant Michael Phipps ("Claimant") answers Plaintiff United States of America's

October 18, 2010 "Complaint for Forfeiture" and would respectfully show as follows:

### I.      ANSWER

1.      Claimant admits that this Court properly has jurisdiction over this matter.

Claimant further admits that venue is proper within this Court.

2.      Claimant is without information sufficient to form a belief about the truth of the

allegations contained in Section II.

3.      Claimant admits that his property was seized in Carson County, Texas.  Claimant

is without information sufficient to form a belief about the truth of the remaining allegations

contained in Section III.

4.      Claimant admits he has filed a claim to the respondent property with ICE.

Claimant is without information sufficient to form a belief about the truth of the remaining

allegations contained in Section IV.

5.      Claimant admits that his address is properly alleged in Section V.  Claimant is presently represented in this Court by Richard Biggs of the firm Mullin Hoard & Brown. Claimant is without information sufficient to form a belief about the truth of the remaining allegations contained in Section V.

6.      Claimant denies the allegations in Section VI, and demands strict proof thereof. Claimant specifically denies that the property was furnished or intended to be furnished in exchange for a controlled substance, or that its proceeds traceable to such an exchange.

7.      Claimant denies the allegations in Section VII, and demands strict proof thereof.

## II.      AFFIRMATIVE DEFENSES

8.      Agents seizing the Respondent property did not have probable cause to believe that the property was forfeitable under the laws of the United States.

9.      The Respondent property does not constitute money furnished or intended to be furnished in exchange for a controlled substance, it does not represent proceeds traceable to such an exchange, and is not money used or intended to be used to facilitate a violation of the Controlled Substances Act, and is not forfeitable to the United States of America.

10.      Seizure of the Respondent property in this case was obtained in violation of the 4th Amendment to the United States Constitution.

11.      Claimant asserts the defense that the mere transportation of money is not a violation of 18 U.S.C. §1956 et seq. See *United States vs. Puig-Infante*, 19 F.3d 929 (5th Cir. 1994).

## III.      PRAYER

12.      WHEREFORE, PREMISES CONSIDERED, Claimant urges the Court to deny the Plaintiff's Complaint for Forfeiture and to return to Claimant the seized property. Claimant

also prays for attorney's fees and costs expended in this action, plus such other and further relief,

general or special, at law or in equity, to which the Claimant may show herself to be justly

entitled.

Respectfully submitted,

MULLIN HOARD & BROWN, L.L.P.
Richard Biggs, SBN: 24064899
P.O. Box 31656
Amarillo, Texas 79120-165
(806) 372-5050 – Telephone
(806) 372-5086 – Facsimile

_____
**Attorney for Claimant**

## CERTIFICATE OF ELECTRONIC SERVICE

This is to certify that on this 20th day of December, 2010, the undersigned electronically filed the foregoing document with the District Clerk of the United States District Court for the Northern District of Texas, Amarillo Division, using the electronic filing system of the Court. The electronic case filing system will send via email a Notice of Electronic Filing along with a copy of this document to the following attorney of record, who has consented to accept such electronic service as service of the document by electronic means:

Steven Jumes
Assistant United States Attorney
Burnett Plaza, Suite 1700
801 Cherry St., Unit 4
Ft. Worth, Texas 76102

By:_____
Richard Biggs
**Attorney for Claimant**